[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6883
This case involves a fire loss to the plaintiff's house. As so often happens, the person responsible for all the trouble in this case is insolvent and is not a party to this lawsuit. Whereas the defendants are innocent parties who were caught in the middle of the situation.
After the fire an agreement was reached for a settlement of the loss in the amount of $38,727.55, and a check for this amount was issued by the defendant American Universal Insurance Co. and was endorsed by the plaintiff and the defendant Housing Corporation of Connecticut. The money was then turned over to Housing Corporation of Connecticut in escrow for the purpose of paying the contractors who were to rehabilitate the house. Housing Corporation thereafter turned over two checks for $17,000.00 each to one Shannon Pearson, a contractor, who subsequently absconded and the balance was explained to the plaintiff and was ratified by her.
The defendant, American Universal Insurance Co. settled its part of the case by paying $5,000.00 to the plaintiff.
The plaintiff's claims against the two remaining defendants are set forth in the complaint as follows:
AS TO THE DEFENDANT NYGREN AND NYGREN
In the second count of the complaint, the plaintiff claims in paragraph 8 that: "The defendant, Nygren and Nygren, advised the plaintiff to have the work done by one Shannon Pearson, d/b/a Pearson Contracting and Remodeling."
The evidence in the case completely refutes such a claim, as the plaintiff was the one who brought Pearson's name to the attention of the defendant, Nygren and Nygren. Before that time Nygren did not know Pearson and did not recommend Pearson to the plaintiff. Accordingly the further claim by the plaintiff in paragraph 10 of the second count ("the plaintiff relied upon the skill and advice of the defendant, Nygren and Nygren, in selecting Shannon Pearson, d/b/a Pearson Contracting and Remodeling") must also fail.
AS TO THE DEFENDANT HOUSING CORPORATION OF CONNECTICUT
In the third count the plaintiff alleges that said CT Page 6884 funds are presently held by said defendant and makes demands for the return of said funds, yet the escrow agreement was to the effect that Housing Corporation of Connecticut was to disburse the funds to the contractors selected by the parties, and the evidence is clear that Housing Corporation of Connecticut disbursed the money properly.
Accordingly the court finds that the defendant, Housing Corporation of Connecticut, fulfilled its obligation under the escrow agreement. This finding is documented by Exhibits D and 2.
It is unfortunate that the written complaint filed in the court by the plaintiff did not cover the claims made by the plaintiff at trial. However, as the court stated at the beginning of this decision, the real problem in this case is that this unfortunate plaintiff lost the claimed money by reason of the fact that one Shannon Pearson absconded with the money which was intended for restoring the house after the fire. Wherefore judgment must enter in favor of the defendants, Nygren and Nygren and Housing Corporation of Connecticut.
Wright, J. State Trial Referee